108 F.3d 1370
 79 A.F.T.R.2d 97-1984, 97-1 USTC P 50,342
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Arthur W. RHODES and Ann R. Nash Rhodes, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 95-4033(L), 95-4035(CON)
 United States Court of Appeals, Second Circuit.
 March 24, 1997.
 
 Petition for review from the United States Tax Court (Howard A. Dawson, Jr., Judge).
 APPEARING FOR PETITIONERS-Ross A. Rhodes, Great Neck, N.Y. APPELLANTS:
 APPEARING FOR RESPONDENT-Joan I. Oppenheimer, Tax Division, APPELLEE: Dept. of Justice, Washington, D.C.
 Present Honorable NEWMAN, Chief Judge, CARDAMONE and ALTIMARI, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came on to be heard on the transcript of record from the United States Tax Court and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the Tax Court is hereby AFFIRMED.
 
 
 3
 Arthur W. Rhodes and Ann R. Nash Rhodes appeal from the November 29, 1994, decision of the United States Tax Court determining deficiencies with respect to Arthur's income taxes for 1978, 1979, and 1981, and the couple's joint tax return for 1981. The deficiencies result from the disallowance of deductions, losses, and credits claimed in connection with Arthur's investment in a musical master recording. The Tax Court upheld the Commissioner's disallowance, applying the two-prong test articulated in this Circuit for determining whether a transaction is a sham. See Gilman v. Commissioner, 933 F.2d 143 (2d Cir.1991). The Court found, on the subjective prong, that the taxpayer had failed to establish that he possessed the requisite profit motive, and, on the objective prong, that the investment was devoid of economic substance and was entered into solely for income tax benefits. On the merits, we affirm substantially for the reasons set forth in Judge Dawson's comprehensive 25-page opinion.
 
 
 4
 One additional matter warrants brief comment. In the Tax Court's opinion, Judge Dawson considered and rejected the taxpayers' claim that the deficiency assessments were untimely, an issue that turned on whether the 1981 return was filed on June 1, 1982, as the Commissioner contended, or on April 27, 1981, as the taxpayers contended. The Tax Court relied on the June 1, 1982, date-stamp on the return, and the contradictory statements as to filing date made by Arthur in his petition and his Form 1045. The Tax Court also stated that Arthur's claim that he recalled the April 27 date because he had to bring the return to his wife for her signature was undercut by the absence of her signature on the return. On a motion for reconsideration to the Tax Court, the taxpayers demonstrated that the return in fact bore the wife's signature. Nevertheless, the Tax Court denied the motion.
 
 
 5
 The Commissioner contends, and we agree, that the denial of the motion was within the Tax Court's discretion in view of the presumption arising from the date-stamp and Arthur's contradictory statements. Nevertheless, we suggest to the Tax Court that when a motion for reconsideration demonstrates that a factual premise of an opinion is incorrect, the better practice is to acknowledge the mistake and reassess the remaining relevant circumstances. In this case, however, we conclude that a remand for further consideration of the motion to reconsider is not warranted.